IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THOMAS HANLON ENTERPRISES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSAL WARRANTY CORP. and ALLY INSURANCE HOLDINGS, INC., <br><br> Defendants. | 8:15CV401 <br><br> ORDER <br> TO SHOW CAUSE |

This matter is before the Court on plaintiff Thomas Hanlon Enterprises, LLC's ("Hanlon Enterprises") Motion for Partial Summary Judgment (Filing No. 135). Hanlon Enterprises originally filed suit (Filing No. 1-1) on October 1, 2015, in Nebraska state court under the name Thomas Hanlon dba Dealer Direct ("Hanlon"). Hanlon averred he was "a sole proprietorship doing business in Maryland and surrounding states." Defendants Universal Warranty Corp. and Ally Insurance Holdings, Inc. (collectively, "defendants") removed the action to this Court (Filing No. 1), asserting diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. Hanlon did not challenge removal, and the defendants did not clarify his citizenship.

On June 15, 2017, Hanlon Enterprises filed a First Amended Complaint ("FAC") with Hanlon Enterprises replacing Thomas Hanlon as the plaintiff. The jurisdictional allegations in the FAC are insufficient. First, Hanlon Enterprises incorrectly asserts this "Court has general subject matter jurisdiction over the claims set forth" in the FAC. In their Answer (Filing No. 95), the defendants deny the allegation "and affirmatively allege that this case has been properly removed to" this Court. Second, Hanlon Enterprises avers, "Plaintiff is a limited liability company doing business in Maryland and surrounding states." To the extent either party asserts this Court has diversity jurisdiction

under 28 U.S.C. § 1332, the parties must identify the citizenship of each member of any limited liability corporation. *See*, *e.g.*, *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). The parties should also identify the citizenship—as opposed to the residence, address, or business area—of any individual. *See* 28 U.S.C. § 1332(a)(1). Properly pleading the citizenship of a corporation requires identifying both its state of incorporation and its principle place of business. *See id.* § 1332(c)(1).

In light of the foregoing, each party shall have seven days to show cause why this action should not be dismissed or remanded to state court for lack of jurisdiction. Failure to respond to this Show Cause Order may result in the Court disposing of this case without further notice.

IT IS SO ORDERED.

Dated this 22nd day of May, 2018.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge